UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DONNELL CREWS,<br>            Defendant. | Crim. Action No. 11-00372-1 (EGS) |

**MEMORANDUM OPINION**

### I.  Background

Defendant Donnell Crews ("Mr. Crews"), age 39, is serving a 225-month prison sentence for an attempted Hobbs Act Robbery. *See* Minute Order (Dec. 16, 2014); J., ECF No. 266 at 2.[1] The Court's previous Memorandum Opinions set forth the facts of this case in detail. *See United States v. Crews*, No. 11-372-1 (EGS), 2021 WL 5798033, at *1–4 (D.D.C. Dec. 7, 2021); Mem. Op. (Dec. 12, 2022), ECF No. 371 at 2–10. Accordingly, the Court summarizes only the facts necessary to provide context for Mr. Crews's current *pro se* motion seeking compassionate release. *See* Def.'s Mot. for Compassionate Release ("Def.'s Mot."), ECF No. 375.

---

[1] When citing electronic filings throughout this Opinion, the Court cites to the ECF page number, not the page number of the filed document.

1

On March 12, 2014, a jury found Mr. Crews guilty of attempted interference with commerce by robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1951. *See* Minute Order (Mar. 12, 2014); J., ECF No. 266. During sentencing, the United States Probation Office determined that Mr. Crews was a career offender under § 4B1.1 of the Sentencing Guidelines. *See* Presentence Investigation Report ("PSI Report"), ECF No. 252 at 6-11. Consequently, the Probation Office calculated Mr. Crews's guidelines range as 210 to 240 months imprisonment. *See* Sentencing Recommendation (Crews), ECF No. 253 at 1. Without making a finding on whether Mr. Crews was a career offender under the Sentencing Guidelines, the Court sentenced him to 225 months of incarceration, followed by three years of supervised release. *See* Tr. of Sentencing Proceedings, ECF No. 315 at 29-30; J., ECF No. 266 at 2, 4.

After the D.C. Circuit affirmed Mr. Crews's conviction on appeal, *United States v. Crews*, 856 F.3d 91, 101 (D.C. Cir. 2017), Mr. Crews filed a *pro se* motion pursuant to 28 U.S.C. § 2255, asserting five claims for relief. *See* Def.'s Mot. to Vacate, Set Aside, or Correct Sentence ("Def.'s § 2255 Mot."), ECF No. 301. Relevant here, Mr. Crews argued ineffective assistance of counsel for failure to challenge the career-offender classification on appeal. *See* Def.'s Suppl. Mot. to

2

Correct Sentence ("Def.'s Supp. § 2255 Mot."), ECF No. 304 at 4.[2] Mr. Crews contended that his two prior convictions and his conviction in this case are not "crimes of violence" under § 4B1.2(a), and therefore, he is not a career offender and was not eligible for enhanced sentencing. *See* Def.'s § 2255 Mot., ECF No. 301 at 4-6.

In addressing Mr. Crews's career offender arguments, the Court thoroughly analyzed Mr. Crews's attempted Hobbs Act robbery conviction and his two prior convictions to determine whether they were crimes of violence supporting a classification of career offender. *See* Mem. Op., ECF No. 360 at 38-63. The Court noted, "[a]t the time of Mr. Crews's sentencing, to be a career offender, a defendant had to have at least two prior felony convictions of either a crime of violence or a controlled substance offense." *Id.* at 39 (citing U.S.S.G. § 4B1.1(a)). Therefore, to show ineffective counsel, Mr. Crews needed to show that there was a "reasonable probability" that at least one of his prior convictions was not a crime of violence. *Id.* at 63-64. After examining each conviction under the "elements" clause, the "enumerated offense" clause, and the "residual clause," the

---

[2] The Court appointed new counsel to represent Mr. Crews, Minute Order (Jan. 2, 2019), and with his newly appointed counsel, Mr. Crews filed an additional supplemental brief in support of his § 2255 claims, *see* Supp. to Mot. for New Trial Based Upon Ineffective Assistance of Trial Counsel, (Def.'s Second Supp. § 2255 Mot."), ECF No. 331.

Court concluded that "each of [Mr. Crews's] three convictions [met] the requirements for a 'crime of violence' under § 4B1.2(a)." *Id.* at 38-64. Thus, the Court rejected Mr. Crews's claim of ineffective assistance of counsel for failing to challenge his sentencing based on the career offender guidelines. *Id.* at 63-64.

While awaiting the Court's decision on his § 2255 Motion, in July 2020, Mr. Crews filed a motion seeking compassionate release from custody due to particularized susceptibility to COVID-19. *See* Def.'s Mot. for Release from Custody Due to COVID-19, ECF No. 347. The Court denied Mr. Crews's motion, finding that his cancer in remission, asthma, and "possible diagnosis" of tachycardia did not "fall within the CDC's guidelines as conditions placing him at increased risk of developing severe COVID-19 symptoms." Mem. Op., ECF No. 350 at 5-6. Thus, the Court held that Mr. Crews failed to establish any "extraordinary and compelling reasons" for release. *Id.* at 11.

Pending before the Court is a second Motion for Compassionate Release filed *pro se* by Mr. Crews on December 26, 2023. Def.'s Mot., ECF No. 375. In support of his motion, Mr. Crews filed a memorandum, Attach. A, ECF No. 375-1; a letter to the warden of United States Penitentiary, Lee ("USP Lee"), Ltr from Def. to Warden, ECF No. 375-2; and 520 pages of medical records, Sealed Attach. C, ECF No. 376. The government opposes

Mr. Crews's motion. *See* Gov. Opp. to Def.'s Mot. for Reduction in Sentence Pursuant to 18 U.S.C. § 3582 ("Gov.'s Opp."), ECF No. 380. Upon careful consideration of the parties' submissions, the applicable law, and the entire record herein, Mr. Crews's motion is **DENIED**.

I.   Standard of Review

The First Step Act of 2018 ("First Step Act"), Pub. L. 115-391, § 603, 132 Stat. 5194, 5238-5240 (2018), amended 18 U.S.C. § 3582(c)(1)(A) to provide the Court with the authority to modify the sentence of a defendant after its imposition upon a motion by the defendant. To be considered for a sentence modification, the defendant must have either fully exhausted all administrative rights to appeal the Bureau of Prison's ("BOP") failure to bring a motion for release on his behalf or allowed a lapse of thirty days from the time the BOP received his request, whichever is earlier. *See* 18 U.S.C. § 3582(c)(1)(A). After receiving a properly filed motion, the Court must first determine whether there are "extraordinary and compelling reasons [that] warrant . . . a reduction" in sentence and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

To be in line with the Sentencing Commission's policy statement, beyond finding that there are "extraordinary and compelling reasons" that warrant a reduction, the Court must

also find that the "defendant is not a danger to the safety of any other person or to the community." *See* U.S.S.G. § 1B1.13(a)(2). Finally, if the Court finds that there are "extraordinary and compelling reasons" for a reduction and that the reduction aligns with the Sentencing Commission's policy statement, then the Court must consider the factors set forth in 18 U.S.C. § 3553(a). *Id.*

## II. Analysis

Although the government does not contest that Mr. Crews exhausted all his administrative remedies, the Court begins by examining § 3582(c)(1)(A)'s mandatory exhaustion requirement. Mr. Crews sent a request for compassionate release to the warden of USP Lee on September 29, 2023 requesting release "because [his] sentencing [ ] was enhanced by old convictions that [do] not qualify under new guidelines and also because of [his] mental health." Attach. A, ECF No. 375-1. Mr. Crews filed the current motion with the Court on December 26, 2023, more than thirty days after the warden received his letter. *See* Ltr from Def. to Warden, ECF No. 375-2. Thus, the Court concludes that Mr. Crews satisfied the exhaustion requirement and properly filed the pending motion. *See* 18 U.S.C. § 3582(c)(1)(A).

The Court now turns to whether Mr. Crews has established an "extraordinary and compelling reason[]" warranting release. *Id.* § 3582(c)(1)(A)(i). Mr. Crews argues that he is entitled to

6

release for two reasons: (1) a medical condition; and (2) a disparity in his sentence. Def.'s Mot. ECF No. 375 at 4-5; Attach. A, ECF No. 375-1.

The Court first analyzes whether Mr. Crews has established that he is suffering from a medical condition amounting to extraordinary and compelling reasons for release. Mr. Crews asserts that he is suffering from "a serious physical or medical condition; a serious functional or cognitive impairment; or deteriorating physical or mental health because of the aging process that substantially diminishes [his] ability to provide self-care within the environment of a correctional facility." Def.'s Mot., ECF No. 375 at 4. Mr. Crews's current motion does not specify what medical condition he is suffering from that constitutes "extraordinary and compelling" reasons for release; however, from Mr. Crews's previous Motion for Compassionate Release during COVID-19, the Court understands that Mr. Crews has a history of non-Hodgkin lymphoma, possible tachycardia, and asthma. *See* Mem. Op., ECF No. 350 at 2. To the extent Mr. Crews is asserting these medical conditions as a basis for compassionate release, the Court has already held that these conditions do not present extraordinary and compelling reasons for relief, and Mr. Crews has not indicated that these conditions have worsened. *Id.* at 5-11.

7

To the extent Mr. Crews is asserting a new medical condition, he has failed to identify the condition and how it prevents him from providing self-care in prison, and after a review of the substantial medical records provided by Mr. Crews, the Court fails to see any medical condition that would satisfy extraordinary or compelling reasons for release. The records appear to indicate that Mr. Crews suffered an injury in 2021 after falling from his top bunk in prison. *See* Sealed Attach. C, ECF No. 376 at 147, 182. Mr. Crews had surgery to repair the injury, which left him with weakness in his right hand and arm. *Id.* at 191, 229. It appears he underwent occupational and/or physical therapy for a short amount of time after surgery. *Id.* at 172, 197–98, 466–67. The most recent records submitted are from late 2022 and 2023, which continue to recommend physical therapy "to help [Mr. Crews] regain his strength." *Id.* at 259.

Assuming this injury is the condition to which Mr. Crews is referring,[3] Mr. Crews has provided no evidence nor argued that this injury is so severe as to make him unable to provide self-care while imprisoned. As the government points out, Mr. Crews's BOP Inmate Profile lists his medical care level as Care Level 1,

---

[3] Even though Mr. Crews's motion was unclear as to the medical condition, the Court analyzes the most obvious condition from the available medical records. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (finding *pro se* filings are to be "liberally construed").

8

suggesting that he has "limited medical needs that can be easily managed by clinician evaluations every 6-12 months." Gov. Exs., ECF No. 380-1 at 2. Furthermore, it appears that Mr. Crews was added to the carpentry waitlist in August 2023, prior to filing this motion, suggesting that his mobility is not severely limited. *Id.* Other than the continued lower bunk requirement, nothing in Mr. Crews's Inmate Profile, *id.*, or Medical Duty Status Report, Attach. C, ECF No. 376 at 127, indicates that Mr. Crews has physical restrictions or other required assistance. *See United States v. Morris*, No. 12-154, 2020 WL 2735651, at *7 (D.D.C. May 24, 2020) (emphasizing the requirement that "physical condition[s] qualifying for compassionate release [ ] are chronic and compromise a defendant's ability to provide 'self-care,' which typically refers to a defendant's ability to provide for his own activities of daily living, such as eating and drinking, toileting, washing and dressing, and mobilization"). Pursuant to the evidence provided, Mr. Crews's 2021 injury does not reach the level of an extraordinary and compelling reason for release.

Next, Mr. Crews argues that if the Court were to sentence him under today's statutory scheme, his sentence would be much lower than the sentence he received. *See* Attach. A, ECF No. 375-1 at 1–2. As amended in November 2023, the policy statement in the Sentencing Guidelines provides that a change in the law "may

9

be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." § 1B1.13(b)(6). Prior to this amendment, the Sentencing Commission also amended § 4B1.2 to include a definition of robbery. *See* Amends. to the Sent'g Guidelines (U.S. Sent'g Comm'n Apr. 27, 2023). Robbery is now defined as:

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining. The phrase "actual or threatened force" refers to force that is sufficient to overcome a victim's resistance.

*Id.*

To the extent Mr. Crews is arguing that the newly added definition of robbery changes the classification of his Maryland robbery as a crime of violence, *see* Attach. A, ECF No. 375-1 at 1-2, the Court disagrees. As the Court emphasized in its December 7, 2021 Memorandum Opinion, "Maryland robbery entails the carrying away of another's property 'from his person or in his presence . . . by violence or putting in fear.'" Mem. Op., ECF No. 360 at 57 (quoting *Coles v. Maryland*, 821 A.2d 389, 394

10

(Md. 2003)). Although the Maryland robbery has no specific element of physical force, Mr. Crews's Maryland robbery conviction fits squarely within the "robbery" definition in § 4B1.2. This conclusion is precisely the conclusion the Court came to when it examined Mr. Crews's Maryland robbery conviction in its prior Memorandum Opinion. *See id.* at 57–58.[4] Moreover, the Court's sentence was imposed without regard to whether Mr. Crews was a career offender. *See* Tr. of Sentencing Proceedings, ECF No. 315 at 29–30. Therefore, the Court concludes that Mr. Crews has failed to raise any change in law that creates a gross disparity in his sentence that amounts to extraordinary and compelling reasons for release. *See United States v. Jenkins*, No. 16-213, 2021 WL 9563332, at *5 (D.D.C. Nov. 23, 2021) ("[T]he compassionate release statute was not intended to serve as a second chance to address a defendant's sentence; it was created to address new and often unforeseen circumstances that raise unique concerns about the defendant's continued incarceration.").[5]

---

[4] To the extent Mr. Crews is seeking the Court to reconsider its decision in the December 7, 2021 opinion, the request is denied. Mr. Crews has not raised any "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error." *United States v. Bagcho*, 227 F. Supp. 3d 28, 31 (D.D.C. 2017).

[5] The government argues that the Sentencing Commission's interpretation of § 3582(c)(1)(A)(i) permitting changes in the law to establish "extraordinary and compelling reasons" for a sentence reduction "is contrary to the statute's text,

Since Mr. Crews does not raise any further changes to the sentencing guidelines that would amount to a significantly lower sentence than he received, the Court concludes that Mr. Crews has failed to establish a change in law amounting to extraordinary and compelling reasons for his release. Because Mr. Crews has failed to provide such a reason, the Court need not address the Section 3553(a) factors, including Mr. Crews's dangerousness under U.S.S.G. § 1B1.13(2). See *United States v. Schlifstein*, No. 18-cr-217, 2020 WL 2575633, at *3 (S.D.N.Y. May 21, 2020) (declining to "reach other issues raised in the parties' submissions, including consideration of the Section 3553(a) sentencing factors" after finding no extraordinary and compelling reason warranted compassionate release). Even so, the Court notes that Mr. Crews made no attempts in his motion to address whether a sentence reduction would be consistent with the applicable Sentencing Guidelines provisions or Section 3553(a) factors. See *United States v. Anguiera*, No. 11-cr-116S (1), 2020 WL 3424530, at *2 (W.D.N.Y. June 23, 2020) ("The defendant carries the burden of showing that he or she is entitled to a sentence reduction under the statute."). After

---

structure, and purpose, and therefore is invalid." Gov. Opp., ECF No. 380 at 12. The Court does not need to reach the issue of whether the interpretation is valid, given that Mr. Crews has failed show a disparity in his sentence for compassionate release.

carefully considering Mr. Crews's motion and the entire record, the Court cannot grant Mr. Crews's requested relief.

## V. Conclusion

For the foregoing reasons, Mr. Crews's motion for compassionate release is **DENIED**. An appropriate Order accompanies this Memorandum Opinion.

**Signed:   Emmet G. Sullivan**
**United States District Judge**
**October 7, 2024**